Mr. Chief Justice Bingham
delivered the opinion of the Court :
• The only question before us is whether or not in the case of a sale such as was shown to have been made here, the plaintiff parted with his property in the colt in such a man7 ner as that the allegation in the declaration that the colt was the colt of the-plaintiff is supported by the evidence. In other words, if the plaintiff’s possession was by virtue of his arrangement with Plitt, that he ghould keep the colt until the maturity of the debt, when, if he failed to pay, Plitt was to take possession, were these facts sufficient to support the averment of ownership in the declaration ? The position of the defense is.that if the plaintiff had only a special ownership of the colt, such as thg right of possession, under *383 this agreement with Plitt, then in order to recover he must allege such ownership in his declaration, and prove it upon the trial. We are satisfied that there is no authority sustaining that view of the law. It is a well settled rule of pleading that it is sufficient in this class of actions simply to allege ownership in the plaintiff, and then any proof of ownership which will support the action of trespass will be sufficient under such an allegation to entitle him to recover. The mere right of possession is sufficient to maintain the action against every one but the owner, and the allegation that the plaintiff is the owner is well made out by merely proving his right of possession.

The judgment of the Court below is reversed, and a new trial ordered.